**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8   LAM RESEARCH CORPORATION,              No. C-03-1335 EMC
9              Plaintiff,
                                           **ORDER DENYING PLAINTIFF'S**
10       v.                                **MOTION FOR LEAVE TO FILE**
                                           **MOTION FOR RECONSIDERATION**
11  SCHUNK SEMICONDUCTOR, *et al.*,        **OF CLAIM CONSTRUCTION ORDER**
12             Defendants.                 **(Docket No. 310)**
    _____/
13

14       Before the Court is Lam's motion (the "Motion") for leave to file a motion for

15  reconsideration of the Court's claim construction order of April 7, 2014 (the "Order") pursuant to

16  Local Rule 7-9(b)(3), for a "manifest failure by the Court to consider material facts or dispositive

17  legal arguments which were presented to the Court."  Civ. L.R. 7-9(b)(3).  The Court **DENIES**

18  Lam's Motion for the reasons set forth below.

19       Lam seeks reconsideration of the Court's construction of the terms "pre-stressed to impart a

20  radially-inward compression," "bonded," and "desired stress."  First, it argues that the Court

21  impermissibly imported limitations in the specification into the claims.  For the reasons already

22  explained in the Order, the Court disagrees.

23       Second, Lam argues the Court's constructions are:

24            predicated on the false starting premise that because a shrink fit can be
              accomplished without the use of a bonding layer, the existence of a
25            bonding layer necessarily renders an integration using the principles of
              shrink fitting to be not a shrink fit.  As a matter of mechanical
26            engineering, the premise that a shrink fit is incompatible with the use
              of a bonding layer is false . . .

27

28

**United States District Court**

For the Northern District of California

Mot. at 2. Lam mischaracterizes the Court's reasoning. The Court's point is not whether it is possible to use a bonding layer together with shrink fitting, but whether a person of ordinary skill in the art would have understood the patent to disclose shrink fitting, in light of its references to a bonding layer. What the Court found was that the portions of the specification relevant to construing the terms at issue required a bonding layer, and because shrink fitting does not require a bonding layer, that this tends to show shrink fitting is not claimed by the '266 Patent.

The Court notes moreover that the evidence Lam attaches in Exh. A in its request for judicial notice does not show a shrink fit that includes a bonding layer. The layer in the illustration is a "protective layer" (PL), and the report states that "the adhesion strength of the PL is very low" such that "[e]ven the slightest contact" with two parts glued with the PL material resulted in the parts falling apart. Docket No. 311-1 ("Exh. A") at 6. The document, even if somehow relevant to claim construction, does not depict a bonding layer.

Lam repeats that Claims 32 and 33 and the specification disclose what it refers to as the "HEMCCC Factors" – "heating, expansion, mating, cooling, contraction, and compression" – "leading to final assembly that are indisputably the hallmarks of a shrink fit." Mot. at 7, 12, 17. However, neither the claims nor the specification mention the term "HEMCCC Factors," and Lam does not explain from where the quoted term comes. Further, as discussed in the Order, "expansion" in the specification is always accompanied by a bonding layer, which as above, tends to show that the expansion in the Patent is not a step of shrink fitting.

Lam contends (for the first time at oral argument) that, contrary to the Court's Order, Figure 1 of the '266 Patent shows that the electrode plate "fits *inside* the ring." Mot. at 17-18. Not only does Figure 1 not show the plate fits inside the ring, all the remaining figures show that it does not.

Finally, the Court declines to consider the evidence Lam attaches to its reply to Xycarb's response to the Motion. Docket No. 313. The evidence contains statements made by Xycarb in its invalidity contentions. But there is no basis to consider this "evidence" presented for the first time in Lam's motion for reconsideration. Lam states that reconsideration is warranted under Local Rule 7-9(b)(1) due to a change in counsel and the multitude of documents. This does not meet the standard of Local Rule 7-9(b)(1) "that in the exercise of reasonable diligence the party applying for

reconsideration did not know such fact . . . at the time of the interlocutory order." Civ. L.R. 7-9(b)(1).  Lam has long known of this contention.  Further, new evidence cannot be attached to a reply as Lam has done here.  *See Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that the [reply] brief presents new information, it is improper.").  In any event, litigation documents do not constitute part of the claims prosecution.

The Court **DENIES** Lam's motion for leave to file a motion for reconsideration of the Court's claim construction order.

This order disposes of Docket No. 310.


IT IS SO ORDERED.


Dated:  May 15, 2014

_____
EDWARD M. CHEN
United States District Judge