UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAM RESEARCH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCHUNK SEMICONDUCTOR, et al.,<br><br>Defendants. | Case No. 03-cv-01335-EMC   (JCS)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 354, 355, 356, 366 |

The Court has received Plaintiff Lam Research Corporation ("Lam") and Defendant Xycarb Ceramics, Inc. ("Xycarb")'s Joint Letter Briefs regarding discovery disputes, Dkt. Nos. 354 (dated August 7, 2014), 355 (dated August 8, 2014), 356 (dated August 8, 2014), and 366 (dated August 11, 2014), and heard oral argument from the parties in the morning and afternoon of August 15, 2014. For the reasons set forth at those hearings, the Court makes the following rulings.

**I.   REGARDING THE AUGUST 7, 2014 LETTER (DKT. NO. 354)**

1.    Regarding Xycarb's requests in Topic No. 1: Lam shall provide a 30(b)(6) witness as to the reasons why Lam created products using an elastomeric bonding process after previously using indium bonding.

2.    Regarding Xycarb's requests in Topic No. 2:  For its elastomerically bonded products which Lam claims suffered lost sales due to Xycarb's alleged infringement, Lam shall produce a 30(b)(6) witness to testify as to "the testing of" those produts "for quality assurance, quality control or to determine whether [those products] tested . . .  meet [Lam's] or [Lam's] customer's specifications, including, but not limited to, the scientific basis for such testing, the criteria, methods, standards, protocol, policies, mechanisms, materials, and procedures used during the testing, all people with relevant knowledge of the information requested in Topic No. 2, and all

related Documents." Dkt. No. 354 at 2.

3.     Regarding Xycarb's requests in Topic No. 3: Lam shall produce samples of all Lam's products with respect to which Lam claims it incurred lost sales due to Xycarb's alleged infringement. Lam shall not be required to provide a 30(b)(6) witness for Topic No. 3.

4.     Regarding Xycarb's requests in Topic No. 4: Lam shall provide a 30(b)(6) witness as to the "[r]esearch, development, and experimentation proposed or conducted by Lam regarding the thermal and electrical conductivity for" Lam's elastomerically bonded products as to which Lam claims it incurred lost sales due to Xycarb's alleged infringement "including, but not limited to, measurement of thermal and electrical conductivity for [those products], all thermal and electrical conductivity specifications for [those products], all people with relevant knowledge of the information requested in Topic No. 4, and all related Documents." Dkt. No. 354 at 3.

## II.     REGARDING THE FIRST AUGUST 8, 2014 LETTER (DKT. NO. 355)

5.     Regarding Xycarb's requests in Topic A: Lam shall produce the list of search terms it used to search its computers for responsive documents. The parties shall meet and confer with regard to any issues arising from this list of terms.

6.     Regarding Xycarb's requests in Topic B: Lam shall produce documents sufficient to show the cost of goods sold, and the basis therefore, for the products as to which Lam claims it incurred lost sales due to Xycarb's alleged infringement.

7.     Regarding Xycarb's requests in Topic C: the requests are moot, as Lam has provided a privilege log covering documents through the date of the filing of this action.

8.     Regarding Xycarb's requests in Topic D: Lam shall produce any documents referred to in product drawings and specifications already produced, and shall produce documents sufficient to show when and how the products which Lam claims it incurred lost sales due to Xycarb's alleged infringement were marked with patent numbers.

9.     Regarding Xycarb's requests in Topic E: Lam shall produce any documents referring to bundling of products which include at least one product as to which Lam claims it incurred lost sales due to Xycarb's alleged infringement.

10.    Regarding Xycarb's requests in Topic F: Lam shall produce documents sufficient

1    to demonstrate a sample calculation for one sale reflected in the spreadsheet provided by Lam
2    which included costs of goods.

3        11.    Regarding Xycarb's request in Topic G: Xycarb's request is denied.

4        12.    Regarding Xycarb's requests in Topic H: Lam shall produce any communications
5    with SMI before the filing date of the '456 Patent, September 18, 1990, regarding the invention.

6        13.    Regarding Xycarb's requests in Topic I: Lam shall respond to Interrogatory 5 by
7    identifying where in the specification, as to each asserted claim of the '456 Patent, the (1) written
8    description; (2) enabling disclosure; and (3) best mode are disclosed.

9        14.    Regarding Xycarb's requests in Topic J:
10       a.    The inventor shall produce the Degner lab notebook regarding the invention.
11       b.    Regarding Request for Production 43: the request is denied.
12       c.    Regarding Request for Production 50: Lam shall identify all persons involved
13   in formulating any strategy or policy regarding bundling of indium-bonded and
14   elastomeric-bonded electrodes.

15       15.    Regarding all additional points raised in the first August 8, 2014 letter, Lam and
16   Xycarb shall meet and confer to reach mutual agreement as to any disputes.

17   **III.    REGARDING THE SECOND AUGUST 8, 2014 LETTER (DKT. NO. 356)**

18       16.    Regarding Interrogatory 17: Xycarb shall update and produce its responsive
19   spreadsheet to include sales details through 2013.  No further deposition shall be required.

20       17.    Regarding Interrogatory 61: Xycarb shall diligently search for any documentation
21   regarding the importation into the United States of the products at issue and produce a spreadsheet
22   reflecting such importation.  No further deposition shall be required.

23   **IV.    REGARDING THE AUGUST 11, 2014 LETTER (DKT. NO. 366)**

24       18.    Regarding the parties' disagreement as to the length, in hours, of the remaining
25   depositions: the parties are instructed to meet and confer to reach mutual agreement as to the
26   length of each deposition.  The parties are instructed to be liberal with the number of hours agreed
27   to.

28       19.    Regarding all other pending or future discovery disputes: the parties are ordered to

meet and confer to reach mutual agreement resolving the disputes whenever possible.

20. Regarding the parties' cross-allegations that each party's counsel had improperly instructed deposition witnesses to not answer certain questions, the parties are ordered to refrain from instructing any witness to not answer a deposition question, except with regard to questions that (1) would violate the attorney-client privilege; (2) would violate the attorney work-product privilege; or (3) improperly harass the deponent.

## V. REGARDING THE PROPOSED DEPOSITION OF A 30(B)(6) WITNESS FROM XYCARB CERAMICS B.V.

21. Defendant Xycarb has offered to produce a 30(b)(6) witness for Xycarb Ceramics B.V. (a European company), with knowledge of the manufacturing and composition of accused devices, for a deposition to take place in the Netherlands. Lam agreed. The parties shall set a date, time, and location for the deposition by mutual agreement.

**IT IS SO ORDERED.**

Dated: August 18, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge