UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAM RESEARCH CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCHUNK SEMICONDUCTOR, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-03-1335 EMC<br><br>**ORDER DENYING XYCARB'S MOTION TO BIFURCATE AND LAM'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket Nos. 331, 346)** |

## INTRODUCTION

Pending before the Court are Defendant Xycarb Ceramic's ("Xycarb") motion to bifurcate this action into two trials – one for liability and one for damages – and Plaintiff Lam Research Corporation's ("Lam") motion for partial summary judgment. The Court finds these motions suitable for disposition without a hearing and therefore **VACATES** the hearings set for August 28, 2014 (Xycarb's motion to bifurcate) and September 4, 2014 (Lam's motion for partial summary judgment). For the following reasons, the Court will **DENY** both motions.

## DISCUSSION

### I.  Xycarb's Motion to Birfucate Trial into Liability and Damages Phases Is Denied

Xycarb has moved to bifurcate the trial into separate liability and damage phases. Xycarb contends that bifurcation will prevent juror confusion given the complicated nature of the damages questions in this case. It further contends that because it is overwhelmingly likely to prevail on the question of liability given this Court's claim construction, bifurcation will likely eliminate the need for a trial on damages and will allow the parties to avoid expense in preparing and presenting evidence on damages. For the foregoing reasons, the motion to bifurcate is **DENIED**.

Federal Rule of Civil Procedure 42(b) provides that a court may "order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Whether to grant bifurcation is left to the sound discretion of the district court. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *Jinro Am. Inc. v. Secure Investments, Inc.*, 272 F.3d 1289 (9th Cir. 2001). While patent cases frequently present complicated liability and damages question, bifurcation in patent cases remains the exception rather than the rule. *See Mformation Techs., Inc. v. Research in Motion Ltd.*, C08-04990 JW, 2012 WL 1142537, at *1 n.6 (N.D. Cal. Mar. 29, 2012). In determining whether to bifurcate, courts consider a number of factors, including whether bifurcation would promote "efficient judicial administration," promote convenience, simplify discovery or conserve resources, reduce the risk of juror confusion, and separability of the issues. *See Medtronic Minimed Inc. v. Animas Corp.*, CV12-04471 RSWL RZX, 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013); *McDermott v. Potter*, No. 08-03432 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010).

First, the Court finds that questions of liability and damages are not wholly separate questions in this case. Lam has alleged that Xycarb's infringement of the '456 patent was "willful, wanton, deliberate, without license, and with full knowledge and awareness of [Lam's] patent rights." Compl. ¶ 9 (Dkt. No. 1). Courts have recognized that questions of liability and damages overlap to an extent where wilful infringement is alleged. For example, in *Plew v. Limited Brands, Inc.*, No. 08 Civ. 3741 (LTS) (MHD), 2012 WL 379933 (S.D.N.Y. Feb. 6, 2012), the court noted that a "wilfulness determination is 'inextricably bound to the facts underlying the infringement.'" and that this factor weighed against granting bifurcation. *Id.* at *9 (quoting *Computer Assoc. INt'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 67-68 (E.D.N.Y. 2007)); *see also Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 841 (N.D. Ill. 2006) ("The need to consider all of the factors implies that evidence of liability and wilfulness will likely overlap.").

Second, Xycarb argues that it is "likely" that Xycarb will prevail on the question of liability. Some courts have looked to the probability that a defendant would prevail on infringement in determining whether bifurcation is appropriate. *See, e.g.*, *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 622 (N.D. Ill.. 2000). In support of its contention that it will likely prevail, Xycarb points to the

fact that Lam, in its claim construction brief, stated that the "meaning of the word 'bonding' in the asserted patents is the primary issue with respect to liability in this case." Dkt. No. 272. In light of this Court's construction of the term "bonding" as excluding connections "maintained solely by mechanical force," Xycarb argues it is overwhelmingly likely to prevail at the liability phrase. The Court cannot so conclude on this record. Lam contends that Xycarb's product does not rely solely on mechanical force for bonding, but rather employs a graphite slurry and seal that provides bonding force. Xycarb's opinion of the strength of its own case notwithstanding, it has not moved for summary judgment on Lam's theory and, as a result, there is no way for the Court to determine the strength of Lam's argument. Accordingly, this factor does not favor bifurcation. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1346 (S.D. Fla. 2008) ("Defendants did not proffer any facts or explanation supporting their contention that they will likely prevail on the infringement issue . . . . [T]he record now before the Court is simply inadequate for the Court to determine whether a finding of infringement is likely. This factor, therefore, does not weigh in favor of bifurcation.").[1]

   Third, the Court finds that the risk of prejudice does not support bifurcation. Prejudice comes in two forms – the risk of jury confusion on complex issues if bifurcation is denied and the risk of considerable delay if bifurcation is denied. *See Briggs & Stratton Corp. V. Chongging RATO Power Co., Ltd.*, 5:13-CV-316 LEK/ATB, 2013 WL 5963151 (N.D.N.Y. Nov. 7, 2013). Here, the Court finds that there is little risk of juror confusion given the nature of this case. Even granting that there are complicated damage theories implicated (advanced market access, calculation of lost profits where there are multiple potential causes, etc.), this is true in almost every patent case. *See, e.g.*, *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618 (N.D. Ill. 2000) ("Although Defendant claims that complex damages calculations may be involved, there is no evidence to suggest that this

---

[1] Conversely, Xycarb contends that bifurcation would be useful even if it were found to infringe Lam's patents because the finding of infringement would aid settlement, thus obviating the need for the damages trial *See General Patent Corp., Int'l v. Hayes Microcomputer Prods.*, No. SA CV 97-429-GLT, 1997 WL 770874, at *1 (C.D. Cal. Oct. 20, 1997) ("Conversely, if the patents are found valid and enforceable it will likely promote settlement of the action before trial on the infringement and damages issues."). The Court is unwilling to bifurcate this action on the hope that this case would settle following the liability trial. Such a probability seems extraordinarily remote given that the conduct of the parties to date – for example, their recent failure to even agree on the date and time for a deposition – suggests an unwillingness or inability to work together.

3

computation is more unusual complex or complicated than the average patent case."). For example, in *THK America, Inc. v. NSK, Ltd.*, 141 F.R.D. 463 (N.D. Ill. 1991), the district court denied bifurcation despite the fact that the case raised a similar "accelerated market entry damages" theory. *See THK America, Inc. v. NSK, Ltd.*, 917 F. Supp. 563, 575 (N.D. Ill 1996).

Further, any complicated issues in the calculation fo damages is mitigated substantially by the fact that this case involves allegations that a single defendant infringed a single patent in a single product. These facts make this case quite different from cases where a significant risk of juror confusion warranted bifurcation of damages and liability. *Compare Real,* 195 F.R.D. at 622 (rejecting bifurcation, in part, because "[t]his case involves only one patent and one allegedly infringing product" and involved "types of computations regularly performed in patent litigation"); *and Depomed Inc. v. Purdue Pharama L.P.*, CIV.A. 13-571 JAP, 2013 WL 6190380, *8 (D.N.J. Nov. 26, 2013) ("In fact, unlike other patent cases which have been bifurcated, this case involves only one defendant, Purdue, and a single infringing product."); *with British Telecomm'cn PLC v Google Inc.*, CV 11-1249-LPS, 2013 WL 3814329 (D. Del. July 22, 2013) ("Bifurcation will reduce the risk of juror confusion. This is a complicated case, involving multiple patents, a variety of asserted claims, differing theories of infringement, and a wide range of accused products.").

Finally, the Court finds that bifurcation would not aid judicial economy or convenience of the parties. This infringement action has been proceeding in one form or another (and before one forum and another) for over eleven years. Granting bifurcation at this late date would require this court to calendar a second jury trial in what is already an impacted trial schedule – thus guaranteeing yet more delay. *See Toscano*, 630 F. Supp. 2d at 1347 ("The Court finds that bifurcation of the infringement issue and the proposed stay of all other discovery would only add unnecessary delay to a case that has already been pending for more than two years."). It is not in the interests of the Court or the parties for the final resolution of this matter to be delayed any further.

The Court acknowledges the inherent complexities in the damages case the parties will need to present to the jury. "In this case, as in most patent cases, there are good arguments on both sides of the issue. On the bottom line, the court sees no compelling reason to deviate from the usual practice and declines to bifurcate the trial." *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, No.

IP96-1718-C-H/G, 2001 WL 699856, at *2 (S.D. Ind. May 31, 2001). Xycarb's motion to bifurcate is **DENIED**.[2]

## II. Lam Research's Motion for Partial Summary Judgment Is Denied

In its motion for partial summary judgment, Lam argues that it is entitled to a judgment that Claims 33 and 36 of US Reissue Patent 41,266 "both disclose and claim a shrink fit method of bonding." Dkt. No. 346, at 4. This motion is based entirely on the premise that the question of whether Claims 33 and 36 disclose shrink fit as a bonding method is "undisputed" in light of invalidity contentions propounded by Xycarb. Lam's motion **DENIED**.

### A. Background

On December 10, 2010 – while this case was still before Judge Charles Breyer – counsel for Xycarb propounded invalidity contentions to Lam. Dkt. No. 347-1. The actual contentions were preceded by "General Reservations." The General Reservations began:

> Xycarb's invalidity contentions are based on information obtained and considered by Xycarb to date. Xycarb's discovery and investigation in connection with this lawsuit is continuing. Xycarb's invalidity contentions are also based in part on its present understanding of the positions of plaintiff concerning the scope and implied construction of the claims of U.S. Reissue Patent No. RE 41,266 . . . .
>
> Xycarb's potential reliance on plaintiff's contentions should not be seen as adoptions or admissions regarding the accuracy or scope of its infringement contentions, or the claim constructions they may suggest.

*Id.* at 3. Further, under the heading "Invalidity Under 35 U.S.C. § 112 (Patent L.R. 3-3(d))" Xycarb stated:

> The following contentions are subject to revision and amendment to the extent appropriate in light of further investigation and discovery . . . , the Court's construction of the claims at issue, and/or the review and analysis of expert witnesses. To the extent that the following contentions reflect constructions of claim limitations consistent with or implicit in plaintiff's Infringement Contentions, no inference is intended nor should any be drawn that Xycarb agrees with plaintiff's claim constructions, and Xycarb expressly reserves the right to contest such claim constructions. Xycarb offers such contentions in

---

[2] Lam's administrative motion to file the Declaration of Stuart Clark (Dkt. No. 348) under seal is **GRANTED**.

United States District Court
For the Northern District of California

> response to plaintiff's Infringement Contentions and without prejudice to any position Xycarb may ultimately take as to any claim construction issues.
>
> Plaintiff asserts that the '266 reissue patent teaches "shrink fit" as a form of attachment . . . .

*Id.* at 15. In the contentions that followed, Xycarb made statements to the effect that Claims 33 and 36 of the patent disclosed "shrink fit." For example, regarding Claim 33, the contentions state "Although Claim 33 does not use the term 'shrink fit,' the description of Claim 33 matches the prior clear disclosure of Refs. A and C." *Id.* at 56. Similarly, for Claim 36, the contentions state, in relevant part, "Claim 36 seeks to cover a 'shrink fit' bonding . . . of an electrode to its support ring." *Id.* at 62.

Lam made no mention of these invalidity contentions (again, contentions which were propounded in 2010) until after this Court's April 2014 claim construction order. On April 28, 2014, Lam filed a motion for leave to file a motion for reconsideration of this Court's claim construction ruling. Dkt. No. 310. In its reply brief in support of this motion, Lam argued that the above "compelling admissions" by Xycarb in its invalidity contentions were "inconsistent with the construction of bonding by the Court" and, therefore, had a "direct bearing on the Court's construction." Dkt. No. 313, at 4. In denying Lam leave to file a motion for reconsideration, the Court rejected Lam's argument based on the invalidity contentions, stating:

> Finally, the Court declines to consider the evidence Lam attaches to its reply to Xycarb's response to the Motion. Docket No. 313. The evidence contains statements made by Xycarb in its invalidity contentions. But there is no basis to consider this "evidence" presented for the first time in Lam's motion for reconsideration. Lam states that reconsideration is warranted under Local Rule 7-9(b)(1) due to a change in counsel and the multitude of documents. This does not meet the standard of Local Rule 7-9(b)(1) "that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact . . . at the time of the interlocutory order." Civ. L.R. 7-9(b)(1). Lam has long known of this contention.

*Lam Research Corp. v. Schunk Semiconductor*, C-03-1335 EMC, 2014 WL 1995799, at *2 (N.D. Cal. May 15, 2014).

Unhappy with this denial, Lam has now filed a motion for summary judgment that takes the opinion that Xycarb's "admissions" not only have a "direct bearing" on claim construction in this

6

matter, but, in fact, *entitle Lam to summary judgment* on the question of whether Claims 33 and 36 of the '266 patent disclose and claim a "shrink fit" connection. Dkt. No. 346-1 (Lam's proposed order concluding by stating "IT IS ORDERED THAT Lam's motion is GRANTED, and that partial summary judgment is entered in favor of Lam that Claims 33 and 36 disclose and claim a connection between the support ring and the electrode plate that comprises a shrink fit connection").

### B. Discussion

To begin, Lam's motion – while characterized as a "motion for partial summary judgment" – is properly construed as either (1) a second motion for reconsideration of this Court's claim construction order or, perhaps, (2) a motion for reconsideration of the Court's denial of the first motion for reconsideration. Either way, Civil Local Rule 7-9 articulates the standard for motions for reconsideration – a standard the Court has previously found was *not* met by Lam's recent discovery of three-and-half year old invalidity contentions. Further, Local Rule 7-9(c) expressly prohibits repetitive arguments from being raised in a motion for reconsideration. N.D. Cal. Local R. 7-9(c). Lam seeks to escape this provision by stating:

> Contrary to Xycarb's argument, Civil L. R. 7-9(c) does not preclude Lam from making the argument that it has made in support of its summary judgment motion. As a careful reading of that rule makes apparent, it precludes only the inclusion in a *motion for reconsideration* of "argument made by the applying party in support or in opposition to the interlocutory order which the party seeks to have reconsidered." Lam's motion is for summary judgment, not reconsideration, and the local rule has no application.

Dkt. No. 373, at 10 (emphasis in original). Lam's argument is unavailing. The Court will not exalt form over substance and permit a party to circumvent the applicability of Local Rule 7-9 merely by avoiding the "motion for reconsideration" label. Courts routinely look to the *substance* of the motion rather than how it is styled in determining the standard to apply. *See, e.g.*, *Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics Corp.*, No. C04-04675 MHP , 2006 WL 2130866 (N.D. Cal. July 27, 2006) (recognizing that party's "motion for clarification" of a claim construction order was "in substance, a motion for reconsideration" and could "be denied on that

basis alone"). Lam's "summary judgment" motion raises identical arguments as those raised in the original motion for reconsideration and is, therefore, clearly a motion for reconsideration itself.[3]

Nonetheless, the Court will consider the merits of Lam's motion and deny it substantively. First, the Court finds that the alleged "judicial admissions" – put in context – are not judicial admissions at all. Judicial admissions are "'formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (quoting *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982) (emphases added)). "A judicial admission must be deliberate, clear, and unambiguous." *Grandoe Corp. v. Gander Mountain Co.*, — F.3d — , 2014 WL 3765572, at *5 (8th Cir. Aug. 1, 2014).

To begin, the Court questions whether such statements are properly considered statements of fact as opposed to statements of law or legal argument (which fall outside the concept of judicial admissions). *See, e.g.*, *McNamara v. Picken*, 950 F. Supp. 2d 125 (D.D.C. 2013) ("[I]t is well established that judicial admissions on questions of law have no legal effect." (citation omitted)). As discussed more below, the scope and meaning of claim terms in a patent is a question of law. *See Interpols Network Inc. v. Aura Interactive, Inc.*, No. SACV 12-832 JVS (JPRx), 2014 WL 1246081 (C.D. Cal. Jan. 6, 2014) ("[T]he court must determine the scope and meaning of the patent claims asserted – a question of law."); *see also Lighting Ballast Control LLC v. Philips Electronics N. Am. Corp.*, 744 F.3d 1272, 1284 (Fed. Cir. 2014) (en banc) ("Claim construction is a legal statement of the scope of the patent right . . . ."). As such, "construction of a patent, including terms of art within its claim, is exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). To claim that an alleged infringer's unilateral statements in invalidity contentions as to the scope of claim language constitutes a statement of fact is in tension with these basic principles. At most, such statements appear to be no more than factual statements as to what

---

[3] Lam's reply appears to state that just as Xycarb moved for reconsideration of Judge Breyer's claim construction ruling, so too, was Lam entitled to move for reconsideration of this Court's claim construction. Lam is, of course, correct. What Lam is *not* permitted to do, however, is – after the Court has denied its motion for reconsideration – effectively move *again* for reconsideration on one of the grounds already rejected by the Court.

8

the alleged infringer believes the patent discloses or claims – not a statement of what the patent *actually* discloses or claims. The Court notes that Lam has not cited any case in which a court deemed statements of claim construction by a potential infringer (either in a claim construction brief or in invalidity contentions) to be a "judicial admission."

In addition, even if Xycarb's statemetns were deemed to be "statements of fact," the contentions in question were preceded by substantial reservations (detailed above). These included statements that Xycarb's contentions were based, in part, on its understanding of *Lam*'s construction. Further, the reservations indicated that the contentions were (1) not admissions that Lam's constructions of the claims/terms were correct, (2) subject to change based on further discovery and investigation; and (3) made without prejudice to Xycarb's ultimate claim construction arguments. Additionally, the invalidity contentions were made in 2010 – when the controlling claim construction at the time by Judge Breyer did, in fact, hold that the '266 patent described and disclosed shrink fit. Xycarb's utilization of the Court's prior claim construction and Lam's own construction positions in its invalidity contentions is hardly a deliberate, clear, or unambiguous "judicial admission," particularly in light of the unambiguous reservations preceding the contentions.

Second, and more significant, even if the Court were to accept Lam's position: (1) that Xycarb's invalidity contentions are "judicial admissions" and (2) as a result of those admissions it was/is "undisputed" between the parties that Claims 33 and 36 disclose a "shrink fit" method of bonding, Lam would not be entitled to summary judgment, let alone reconsideration. The construction and scope of a claim term is a question of law to be determined by the Court. *See, e.g.*, *Interspiro USA, Inc. v. Figgie Int'l, Inc.*, 815 F. Supp. 1488, 1503 (D. Del. 1993) ("The construction of the claims and their scope are questions of law."); *see also Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) ("[T]he interpretation and construction of claims, which define the scope of the patentee's rights under the patent, is a matter exclusively for the court."). In exercising its claim construction duty, the Court has "an independent obligation to determine the meaning of the claims, *notwithstanding the views asserted by the adversary parties*." *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1555 (Fed. Cir. 1995) (emphasis added).

In light of this, courts have recognized that in determining the scope and construction of a given claim, "the Court is not required to adopt a construction of a term, *even if the parties have stipulated to it.*" *Boston Scientific Corp. v. Micrus Corp.*, 556 F. Supp. 2d 1045, 1051 (N.D. Cal. 2008) (emphasis added); *see also Procter & Gamble Co. v. CAO Group,* Inc., No. 1:13-cv-337, 2014 WL 2117047, at *2 (S.D. Ohio May 21, 2014) (same); *Core Optical Techs., LLC v. Ciena Corp.*, No. SACV 12-1872 AG (JPRx), 2013 WL 8719137, at *5 (C.D. Cal. Oct. 25, 2013) ("District courts are not bound by claim construction stipulations."); *Cross Atlantic Capital Ptnrs, Inc. v. Facebook, Inc.*, No. 07-2768, 2011 WL 941870, at *9 (E.D. Pa. Mar. 17, 2011) ("In exercising this obligation, district courts are not bound by the stipulation of parties concerning claim terms."); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 498 F. Supp. 2d 1131, 1184 (N.D. Iowa 2007) (stating that "[t]he court believes . . . that its independent obligation to construe patent claim terms includes construction of terms for which the parties have agreed on a construction" and refusing to accept some of the parties agreed constructions); *Ultadent Prods., Inc. v. Hayman*, No. CV-00-13402 MRP (CTx), 2002 WL 34477127 (C.D. Cal. Jan. 11, 2002) ("Both parties suggest that the neutralization must result from the addition of a base. However, because claim construction is exclusively a question of law, this court is not required to accept such shared aspects of the parties' interpretations." (citation omitted)).

Directly contradicting the above case law, Lam asserts that Xycarb's invalidity contentions rendered Claims 33 and 36 "not amenable to construction by the court" and that a "court will not construe claims that are undisputed." Dkt. No. 373, at 12. However, the two Federal Circuit cases cited by Lam do not support this conclusion.. First, Lam cites *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir.2005) for the proposition that where a term is undisputed "the court will accept that stipulation and apply that meaning." Dkt. No. 373, at 11. However, all that case indicates is that the parties in that case had stipulated to a dictionary definition of a part of a term – it does not suggest, imply, or support a holding that a Court is *required* to accept a stipulated meaning of a term. Second, Lam cites *United Food Systems, Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341 (Fed. Cir. 2004),

1  *rev'd* 546 U.S. 394 (2006),[4] where the court stated "We doubt . . . that a district court is obliged to
2  construe undisputed claim terms prior to issuing a summary judgment of invalidity." *Id.* at 1350.

3  These cases do not aid Lam – that a district court is not *obligated* to construe an undisputed
4  claim term does not mean a court *may not* construe the term if it deems, pursuant to its independent
5  obligation, that construction is required. *See TransAmerica Life Ins. Co. v. Lincoln Nat'l Life Ins.*
6  *Co.*, 550 F. Supp. 2d 865, 904-05 (N.D. Iowa 2008) ("In performing that independent obligation,
7  this court has not hesitated to reject agreed constructions that the court found included inapposite,
8  inaccurate, or confusing language, and to accept only constructions that were well-supported by the
9  intrinsic evidence."). In fact, in *Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364 (Fed. Cir.
10 2005), the Federal Circuit stated that the appellant had "not identified any legal doctrines that would
11 compel us to adopt the stipulated construction" and then concluded that the "stipulation [did] not
12 define the scope of the invention" claimed in that case. *Id.* at 1376.

13 In this case, the Court – in keeping with its independent obligation to construe the patent
14 claim terms at issue in this case – concluded that "Claim 33 does not disclose shrink fit, because the
15 compressive force it discloses is pre-stress, which entails bonding material to bond the support ring
16 to the electrode plate, not shrink fitting." *Lam Research Corp. v. Schunk Semiconductor*, No. 03-
17 1335 EMC, 2014 WL 1364980, at *16 (N.D. Cal. Apr. 7, 2014).[5] The Court's determination was
18 based on prosecution history, the specification, and other claims – all intrinsic evidence properly
19 relied on during claim construction. *See Vederi, LLC v. Google, Inc.*, 744 F.3d 1376, 1382 (Fed.
20 Cir. 2014). Even if the Court had been provided with Xycarb's invalidity contentions during claim
21 construction, this extrinsic "evidence" would not have altered the Court's claim construction
22 decision. *See Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 717 (Fed. Cir. 1998) ("What is

---

[4] The Court begins by noting that this decision was *reversed* by the United States Supreme Court – a fact that Lam failed to note in any way when it cited the case.

[5] Confusingly, Lam's motion and reply contend that "the Court's claim construction did not construe Claim 33 or Claim 36." This is false. Not only did the Court *clearly* construe Claim 33, as the quote above demonstrates, it was construed in a way *that expressly found it does not disclose shrink fitting*. *See also id.* at 14 (heading, in bold, providing that "Claims 32 and 33 Require a Bonding Layer"). Claim 36, in turn, is a dependent claim that entirely incorporates the relevant portions of Claim 33. Claim 36 provides, in full: "An electrode assembly formed by the method of claim **33**."

11

disapproved of is an attempt to use extrinsic evidence to arrive at a claim construction that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent.").

Accordingly, even addressing the merits of Lam's second motion for reconsideration, the Court concludes that Xycarb's invalidity contentions have no impact on this Court's claim construction in this matter. For the reasons stated above, the motion, styled as a "motion for partial summary judgment," is **DENIED**. Xycarb's motion for attorneys' fees is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the Court finds that neither bifurcation nor partial summary judgment is appropriate. Accordingly, Xycarb's and Lam Research's respective motions are **DENIED**.

This order disposes of docket numbers 331, 346, and 348.

IT IS SO ORDERED

Dated: August 22, 2014

_____
EDWARD M. CHEN
United States District Judge